OPINION OF THE COURT
M. Holt Meyer, J.
In this delinquency proceeding respondent was charged with having committed acts which, if he were an adult, would constitute the following crimes: (1) Penal Law § 155.35, grand larceny in the second degree, (2) Penal Law § 165.50, criminal possession of stolen property in the first degree, (3) Penal Law § 165.06, unauthorized use of a vehicle in the second degree, and (4) Penal Law § 145.00, criminal mischief in the fourth degree. At the initial appearance, respondent’s counsel made a motion for a dismissal of the third count. This motion was orally argued immediately prior to the probable cause hearing and was granted. The court substituted for the third count the misdemeanor level of the crime of unauthorized use of a vehicle for the reasons set forth herein.
Unauthorized use of a vehicle in the second degree (Penal Law § 165.06) is a class E felony. This felony level of unauthorized use is predicated on a previous conviction of the misdemeanor of unauthorized use of a vehicle found in Penal Law § 165.05. The felony level of this crime was enacted by the Legislature in 1981 to increase the penalty for repeat offenders. This purpose has been criticized by some authorities for the reason that it blurs the distinction between the crime of larceny for car theft and the lesser included offense of unauthorized use of a vehicle, sometimes referred to as "joyriding” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.06 [1986 Supp], p 142). The commentator criticizes generally the apparent trend of the Legislature in creating new felonies based solely on prior convictions of the same misdemeanors. Under these statutes, a second misdemeanor conviction converts the misdemeanor into a felony.
It is conceded that this respondent was previously the subject of a delinquency finding based on what would be the misdemeanor crime of unauthorized use of a vehicle if committed by an adult. The issue, then, on respondent’s motion to dismiss count three was whether a juvenile delinquency finding may serve as the predicate to a previous conviction of the *333 crime of unauthorized use of a vehicle, thereby raising it to a felony level. Respondent’s attorney contended that it may not. In support of her position, counsel set forth several arguments, none of which was satisfactorily rebutted by the presentment agency.
First, there is the plain language of the statute. A juvenile delinquency finding is by definition not a "criminal conviction” as is specifically required by Penal Law § 165.06.
The presentment agency argued that the policy underlying the felony level of this crime, to wit, to punish repeat offenders more harshly, applies as well to cases involving juvenile respondents. However, the court finds no legislative intent that this policy should apply to juveniles. The underlying policies supporting separate juvenile and criminal justice systems have been repeatedly enunciated by the Supreme Court of the United States. (See, for example, In re Gault, 387 US 1; In re Winship, 397 US 358; McKeiver v Pennsylvania, 403 US 528.)
In New York it is well settled that adult criminals, youthful offenders and delinquents are subject to substantially different standards and treatment. Thus, in this case, we find the presentment agency arguing that a juvenile respondent may be found guilty of what would be the felony of unauthorized use of a vehicle predicated on a prior delinquency finding of unauthorized use. However, at the same time, the agency recognizes that if the second unauthorized use were committed after the youth turned 16, the same prior delinquency finding could not serve as the predicate for a felony finding in the criminal justice system. Furthermore, even within the criminal justice system, as a youthful offender, a 16 year old’s first unauthorized use of a vehicle could not serve as the predicate for a felony finding for a second unauthorized use. This is because youthful offender status, as in the case of delinquency status, is not the equivalent of a criminal conviction. The court finds these incongruities to be significant. To apply the penal code to a juvenile delinquency respondent in a harsher fashion than would result under the criminal justice system is totally inconsistent with the purpose of a separate juvenile system.
One of the most fundamental distinctions between the two systems is embodied in Family Court Act § 352.1. In a juvenile delinquency proceeding, no finding of delinquency may be made unless and until it is shown after a dispositional hearing *334 (analog of the presentence procedures in the criminal system) that the respondent requires supervision, treatment, or confinement. If such a requirement is not shown at the dispositional hearing, the petition must be dismissed. (Family Ct Act § 352.1 [2].)
As pointed out by the Law Guardian, the court, in this case, will have the same dispositional alternatives available in the event that either a felony or misdemeanor finding is made. The dispositional alternatives after a delinquency finding are found in Family Court Act § 352.2. The only findings treated differently are those based on designated felonies. (Family Ct Act § 352.2 [2]; § 353.5.) In all other cases, the court must consider the needs and best interests of the respondent, as well as protection of the community, and order the least restrictive alternative. (Family Ct Act § 352.2 [2].) Court placement of a juvenile respondent may be extended under appropriate circumstances until his or her 21st birthday. (Family Ct Act § 355.3.)
If the presentment agency were to prevail on this issue, it would achieve the following dubious result. A finding based on the felony of unauthorized use of a vehicle would constitute a partial predicate to an automatic "designated felony” finding for a subsequent finding based on any felony. (Family Ct Act § 301.2 [8] [vi].) A designated felony results in the possibility of a more severe disposition for the respondent. (Family Ct Act § 352.2.)
Absent an unambiguous manifestation of legislative intent, this court is not prepared to expose the respondent to possible future designated felony treatment based upon the charge in question here.
Finally, the court finds untenable the presentment agency’s argument that because none of the Penal Law sections expressly exempt juveniles, all of them apply in delinquency proceedings just as in criminal proceedings. The court rejects the theory that the juvenile justice system should represent a mirror image of the criminal justice system and that it must blindly apply the Penal Law to juvenile proceedings. Such a requirement must come from the Legislature, not the courts.