■ In the Matter of JAJA E., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated July 8, 1986, which, upon a fact-finding order of the same court, dated April 30, 1986, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted attempted robbery in the second degree and assault in the second degree, placed him on probation for one year and ordered him to perform 90 hours of community service. The appeal brings up for review the fact-finding order dated April 30, 1986.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant claims that Family Court erred in refusing to allow his counsel to cross-examine the complainant as to a prior inconsistent statement. The appellant was accused of attempting to snatch the complainant's pocketbook with two other youths and injuring her in the process. The complainant had previously told the Probation Department that the appellant was present with the other youths but did not do the actual snatching. The appellant's counsel was not permitted to impeach the complainant with this statement. However, the probation officer who took the complainant's statement was called by the appellant and he testified as to its contents.

Although limiting the scope of the fundamental right of cross-examination is error (see, Davis v Alaska, 415 US 308), we find the error herein to be harmless (see, People v Crimmins, 36 NY2d 230). Given the eyewitness testimony of two police officers and the appellant's own testimony, it cannot be said that the outcome would have differed if the error had not occurred.

The appellant also alleges that physical injury was not established to support the charge of assault in the second degree. The complainant, a 72-year-old woman, testified at the hearing that she still felt pain in her arm six weeks after the incident. Such evidence was sufficient to fulfill the subjective-objective test for physical injury (see, People v Thompkins, 97 AD2d 593).

We have examined the appellant's other contentions and

find them to be without merit. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.