■ In the Matter of SEAN R., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency

proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated September 14, 1987, which, upon a fact-finding order of the same court, dated March 6, 1987, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the third degree (two counts), criminal possession of stolen property in the second degree and criminal possession of stolen property in the third degree, placed him in the custody of the New York State Division for Youth for a period of 12 months. The appeal brings up for review the fact-finding order dated March 6, 1987.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A juvenile delinquency petition was filed against the appellant for his alleged participation in mugging the complainant on a subway train. A witness for the appellant testified in support of his defense of misidentification. On cross-examination, counsel for the presentment agency sought to impeach the witness with a prior juvenile delinquency adjudication. When the witness denied it, the court allowed, over objection, the introduction of independent evidence of the adjudication. The court reasoned that under Family Court Act § 344.1, a finding of delinquency is the equivalent of a conviction and thus may be independently proved. On appeal, the appellant urges that the court erred in so ruling. We agree.

The Family Court Act § 344.1 (1) provides that: "If in the course of a juvenile delinquency proceeding, any witness, including a respondent, is properly asked whether he was previously convicted of a specified offense and answers in the negative or in an equivocal manner, the party adverse to the one who called him may independently prove such conviction. If in response to proper inquiry whether he has ever been convicted of any offense the witness answers in the negative or in an equivocal manner, the adverse party may independently prove any previous conviction".

This section must be read with the Family Court Act § 380.1 (1) which provides that: "No adjudication under this article may be denominated a conviction and no person adjudicated a juvenile delinquent shall be denominated a criminal by reason of such adjudication". The plain meaning of these provisions is that a juvenile delinquency adjudication is not a "conviction" and may not be used or proved to impeach a witness's credibility (cf., Family Ct Act § 344.1 [2]).

However we find the error harmless *(see, People v Crimmins,* 36 NY2d 230). The proof of the appellant's guilt was overwhelming. The record indicates that the complainant observed the appellant both before and during the robbery and followed him as he made his flight from the scene into the hands of the police officers who were just outside the subway station. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.