*209 OPINION OF THE COURT
Harvey M. Sklaver, J.
The respondent was arrested and charged with various offenses relating to his allegedly having stolen a car. Count two of the petition charges him with unauthorized use of a vehicle in the second degree (Penal Law § 165.06) and alleges that "The Respondent * * * having previously been found to have violated P.L. section 165.05, unauthorized use of a vehicle in the third degree, took, operated * * * and otherwise used an automobile * * * knowing he did not have the owners [sic] consent.” An element of that crime is that the person charged "has been previously convicted” of unauthorized use of a vehicle in the third degree (Penal Law § 165.05) within the preceding 10 years. The respondent now moves to dismiss the petition on the ground that the prior delinquency finding of his having violated Penal Law § 165.05 is not a "conviction” within the meaning of Penal Law § 165.06.[1] The presentment agency urges that a prior Family Court finding that respondent violated Penal Law § 165.05 satisfies the prior conviction requirement when that youth is later charged in a delinquency petition with having violated Penal Law § 165.06.
This court agrees that the count charging unauthorized use of a vehicle in the second degree must be dismissed. Family Court Act § 380.1 (1) provides that: "No adjudication under this article may be denominated a conviction and no person adjudicated a juvenile delinquent shall be denominated a criminal by reason of such adjudication.” For that reason, the prior conviction element of Penal Law § 165.06 cannot be met in this case. (See, Matter of David M., 133 Misc 2d 331, which is directly in point, and Matter of Sean R., 145 AD2d 637, which construed the word "conviction” as it is contained in Family Ct Act § 344.1 [1].) The presentment agency evinces a recognition of the distinction between a criminal conviction and a Family Court finding through its carefully drafted petition which alleges that the respondent was "previously found to have violated P.L. section 165.05”.
The second issue, one which apparently has not been addressed in any reported decision, is whether the entire petition or only the defective count must be dismissed. Family Court Act § 315.1 provides
"1. A petition or a count thereof is defective when * * *.
*210 "2. An order dismissing a petition as defective may be issued upon motion of the respondent or of the court itself.
"3. A motion to dismiss under this section must be made within the time provided for in section 332.2.” (Emphasis added.)
It will be noted that while subdivision (1) speaks of a defective petition "or a count thereof’ subdivision (2), in authorizing dismissal of a defective petition, makes no mention of a defective count. By reason of that omission the respondent urges that the entire petition must be dismissed. In comparing the Family Court Act with the Criminal Procedure Law it will be noted that Family Court Act § 315.1 (1) is copied from CPL 210.25. The counterparts of subdivisions (2) and (3) of Family Court Act § 315.1 are found in CPL 210.20 (1) and (2). Significantly, CPL 210.20 (1) authorizes the dismissal of an indictment "or any count thereof’ when either is defective within the meaning of CPL 210.25. Similarly, with respect to local criminal court accusatory instruments, CPL 170.30 (1), another counterpart of Family Court Act § 315.1 (2), authorizes dismissal of the entire instrument or a count thereof when either is defective within the meaning of CPL 170.35, another counterpart of Family Court Act § 315.1 (1).
The respondent urges that the maxim expressio unius est exclusio alterius, coupled with Family Court Act § 315.1 (1), suggests that subdivision (2) requires a dismissal of the entire multicount petition when any count is defective. This conclusion is reinforced by provisions of the Criminal Procedure Law which contains the language relating to dismissal of only the defective count, which language is omitted from the Family Court Act.
Nevertheless, this court believes the countervailing considerations to be weightier. Dismissal of the entire petition would not bar a new petition containing only the sufficient counts[2]— it would only cause extra work for the presentment *211 agency, the respondent, the probation service and the court. The Legislature cannot have intended such an apparently unwise consequence and a court should not so construe the statute (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 145, 148). The maxim expressio unius is not an ironbound rule and should be applied to accomplish the legislative intent, not to defeat it (McKinney’s Cons Laws of NY, Book 1, Statutes § 240). Accordingly, this court construes Family Court Act § 315.1 (2) as authorizing the dismissal of only the defective counts in a multicount petition.

. Respondent’s motion seeks dismissal of the entire petition although it asserts that only the second count is defective.

. While research has not revealed any Family Court case on this point reference to the Criminal Procedure Law leads to this conclusion. If an indictment is dismissed for facial insufficiency it may be resubmitted to the Grand Jury if the court so authorizes (CPL 210.20 [4]). However, since there is no counterpart to that subdivision in CPL 170.30 as regards dismissals of local criminal court accusatory instruments there is no impediment to the People’s filing a new local criminal court accusatory instrument, even in those instances when the Supreme Court could not authorize re-presentment of a dismissed indictment (People v Osgood, 52 NY2d 37, 45, n 2). And since the Family Court Act, like CPL article 170, does not prohibit the filing *211 of a new accusatory instrument (except when it would subject the respondent to double jeopardy, Family Ct Act § 303.2) it follows that there is no prohibition on the refiling of a delinquency petition which had been dismissed for facial insufficiency.