■ In the Matter of JOHN N., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (George L. Jurow, J.), entered October 18, 1989, adjudicating appellant a juvenile delinquent and placing him in the custody of the New York State Division for Youth for a period of up to 18 months, following a previous fact-finding order which found that he had committed acts which, if done by an adult, would constitute the crimes of two counts of criminal possession of a weapon in the second degree, seven counts of criminal possession of a weapon in the third degree, six counts of criminal possession of a weapon in the fourth degree, and two counts of unlawful possession of weapons by persons under 16, is unanimously modified to dismiss counts three, four, five, eight, nine, ten, eleven, twelve, thirteen, fourteen and fifteen, remanded for reconsideration of the disposition, and otherwise affirmed, without costs.

Police officers responding to a radio run of an armed robbery in progress observed appellant rising from a seated position and exiting from the passenger side of a gray car. Two loaded, operable weapons were found under the front seat of the car. Appellant was charged in a 17-count petition and, after a fact-finding hearing, the court found that the presentment agency had proven the allegations of the petition beyond a reasonable doubt. The court relied upon the statutory presumptions in Penal Law § 265.15 to find, beyond a reasonable doubt, that appellant had possessed the weapons with intent to use them.

Appellant now argues that the court improperly applied the statutory presumptions. However, the presumption that presence in an automobile is presumptive evidence of possession of weapons found therein is permissive and comports with due process if there is a rational connection between the facts proven and the facts presumed and the presumed facts are " 'more likely than not to flow from' " the facts proven. *(County Ct. v Allen,* 442 US 140, 165; Penal Law § 265.15 [3].) The court properly applied the presumption by tracking the logical inferences from the evidence presented, including the fact that appellant was in the car for an indefinite amount of time. The presumption has been applied where a person was exiting from a car when the police arrived *(People v Heizman,* 127 AD2d 609, *lv denied* 69 NY2d 950) and in cases where guns were found under the seat of the car *(People v Rodriguez,* 75 AD2d 730). The court also properly applied the permissive presumption that a person who possesses a weapon had the intent to use it unlawfully against another person (Penal Law § 265.15 [4]). However, the statutory presumption of possession of a weapon found in the vehicle cannot be applied to counts fourteen and fifteen of the petition as the statute specifically enumerates the items which it may be presumed an occupant of a car possesses and the list does not include bullets. (Penal Law § 265.15 [3].) Further, there is no evidence in the record that the bullets were designed to explode on impact as charged. The presentment agency concurs in the latter contention. Thus, counts fourteen and fifteen should be dismissed.

Appellant also contends that the petition is defective as to count five, knowing possession of a defaced weapon, because of the absence of an allegation that he knew he possessed a defaced weapon (Penal Law § 265.02 [3]; *People v Velasquez,* 139 Misc 2d 822). The presentment agency concurs that count five should also be dismissed. In addition, appellant argues and the presentment agency concurs that counts ten, eleven,

twelve and thirteen should be dismissed as lesser included offenses of counts one and two (CPL 300.40 [3] [b]; 300.50 [4]).

Appellant also contends that counts three, four, eight and nine must be dismissed as fatally insufficient as they require that appellant had been previously convicted of a crime (Penal Law § 265.02 [1]) or convicted of a felony or class A misdemeanor within five years of the current offense (Penal Law § 265.02 [5] [ii]). As appellant had only a previous adjudication of juvenile delinquency, this adjudication did not meet the requirements of a criminal conviction (see, Matter of David M., 133 Misc 2d 331). Thus, counts three, four, eight and nine should also be dismissed.

Because 11 of the 17 counts of the petition should be dismissed, this matter should be remanded for reconsideration of the disposition. Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.