■ In the Matter of MARCUS C., a Person Alleged to be a Juvenile Delinquent, Appellant. [848 NYS2d 317]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated February 8, 2006, which, upon a fact-finding order of the same court dated December 15, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, adjudged him to be a juvenile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order, and the denial, after a hearing, of that branch of the appellant's motion which was to suppress his statement to an assistant corporation counsel.

Ordered that the order of disposition is modified, on the law, by vacating the provisions thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree and reckless endangerment in the first degree, and substituting therefor provisions adjudicating him a juvenile delinquent based upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and reckless endangerment in the second degree; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant was found to have committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, and was adjudged on that basis to be a juvenile delinquent. Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Jonathan T., 31 AD3d 457 [2006]; cf. People v Contes, 60 NY2d 620 [1983]), namely, the testimony of two eyewitnesses as well as the victim, we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if com-

mitted by an adult, would have constituted the crimes of assault in the second degree (*see* Penal Law § 120.05 [4]) and criminal possession of a weapon in the second degree (*see* Penal Law § 265.03). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the findings of fact with respect to the charges of assault in the second degree and criminal possession of a weapon in the second degree were not against the weight of the evidence.

However, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally insufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the first degree (*see* Penal Law § 120.10 [3]) and reckless endangerment in the first degree (*see* Penal Law § 120.25). Under the circumstances of this case, the appellant did not act with the culpable mental state of "depraved indifference," which is "best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not" (*People v Feingold*, 7 NY3d 288, 296 [2006] [internal quotation marks omitted]). Instead, the appellant "consciously disregarded the substantial and unjustifiable risk that, due to his inexperience with firearms," he would not be aware that the handgun in his possession might fire a live round (*compare Matter of Koron B.*, 303 AD2d 314 [2003], *with Matter of Victor V.*, 30 AD3d 430 [2006]). Therefore, we modify the order of disposition to reduce these charges to assault in the second degree and reckless endangerment in the second degree.

The defendant argues that the branch of his omnibus motion which sought to suppress his statement to an assistant corporation counsel should have been granted because the presentment agency did not demonstrate compliance with the requirements of Family Court Act § 305.2 (3) and failed to establish beyond a reasonable doubt that the statement was voluntary. Even if erroneous, however, the Family Court's failure to suppress the appellant's statement to the assistant corporation counsel does not require reversal (*see Matter of Sean R.*, 145 AD2d 637, 639 [1988]; *Matter of Jaja E.*, 134 AD2d 588 [1987]; *Matter of Dwayne B.*, 118 AD2d 705 [1986]). Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.