■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON FRANCOIS, Appellant. [933 NYS2d 254]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant only challenges the proof of the element of physical injury (*see* Penal Law § 10.00 [9]; § 160.10 [2] [a]). To establish that element, the People were only required to prove that the victim's injuries were more than mere "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]). The statutory threshold of "substantial pain" may be satisfied by relatively minor injuries causing moderate, but "more than slight or trivial pain" (*see People v Chiddick*, 8 NY3d 445, 447 [2007]), even where the injuries did not lead to any medical treatment (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

The evidence showed that defendant robbed the 85-year-old victim by knocking him down, causing the victim to hit his head and right shoulder on the ground. Defendant then jumped on the victim and took his bank deposit envelope.

The victim testified that his injuries resulted in severe pain. Conflicts between the victim's testimony and portions of medical records relating to, among other things, the victim's reports of pain raised credibility issues which were resolved by the jury, and we find no reason to disturb its findings. Notwithstanding some contradictions in the medical records, there was ample evidence that the victim reported significant pain to ambulance

and hospital personnel, and also reported to his primary care physician that the pain persisted two days after the robbery. Furthermore, for a period of three months after the robbery, the victim took over-the-counter pain medication and used heating pads for 30 to 60 minutes a day to relieve the pain in his shoulder. The victim testified that even nine months after the incident, he still felt pain in his right arm whenever he used it to carry shopping bags. Finally, during the robbery defendant made threats to seriously injure the victim if he did not submit (*see Chiddick*, 8 NY3d at 448 [2007]).

Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court's curative instructions were sufficient to prevent any inappropriate remarks from causing prejudice. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.