■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIALLO MADISON, Appellant. [949 NYS2d 701]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated December 24, 2009, which, after a hearing, designated him a level two sexually violent sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the Supreme Court erred in denying his request for a downward departure from a risk level two to a risk level one pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA) following a risk assessment hearing (hereinafter the hearing).

The defendant was scored as a presumptive risk level three pursuant to a risk assessment instrument (hereinafter the RAI) which was utilized at his hearing. However, at the hearing, the Supreme Court found that the People had only demonstrated facts in support of a risk level two designation by clear and convincing evidence (*see People v Wyatt*, 89 AD3d 112, 118 [2011]). Specifically, despite being assessed 10 points under risk factor 13 ("Conduct while confined/supervised—Unsatisfactory") pursuant to the RAI, the Supreme Court found, in effect, that the People failed to present proof sufficient to assess the defendant points under this category by clear and convincing evidence. This had the effect of lowering the defendant's overall score from 110 to 100, which placed him in the level two range (*id.* at 115). The defendant also applied for a downward departure

to level one. To the extent that the Supreme Court failed to consider the defendant's argument at the hearing that evidence of his alleged rehabilitation since the subject offense warranted a downward departure to level one, the record is sufficient for this Court to make its own determination thereof (*see People v Fernandez*, 91 AD3d 737 [2012]).

" 'Generally, the Board or a court may not depart from the presumptive risk level unless it concludes that there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines . . . Circumstances that may warrant a departure cannot, by their very nature, be comprehensively listed in advance' " (*People v Wyatt*, 89 AD3d at 119, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Mingo*, 12 NY3d 563, 568 n 2 [2009]). Here, at the hearing, the defendant argued, in effect, that he has been rehabilitated since incarceration and evinced a low risk of reoffense, warranting a level one designation.

Rehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines or the RAI (*see People v Abdullah*, 31 AD3d 515, 516 [2006]). At the threshold level, the defendant met his initial factual burden of establishing the existence of this mitigating factor by a preponderance of the evidence (*see* SORA: Risk Assessment Guidelines and Commentary at 2 [2006]; *People v Wyatt*, 89 AD3d at 128). However, in the exercise of this Court's discretion, and based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community (*see People v Wyatt*, 89 AD3d at 128), we conclude that the defendant was not entitled to a downward departure to risk level one. The defendant presented proof that he had experienced positive personal gains while incarcerated and demonstrated that during the latter years of his prison term he was an exemplary inmate. Nevertheless, the proof also established that, viewing the defendant's conduct throughout the totality of his prison term, he had, inter alia, been repeatedly involved with using drugs, and had been convicted of promoting prison contraband. Additionally, we find that the egregious nature of the underlying crime outweighs any mitigation that would warrant a departure to risk level one. Specifically, as was established at the defendant's hearing, he approached the victim, a stranger on the street, told her he had a gun in his pocket, robbed her, and forced her to climb a fence where there was a grassy hill. There, he forced her to the ground and rubbed his penis against her buttocks under her clothing while threatening to shoot her

if she did not follow his commands. This assault only ceased when the defendant was noticed by a police officer, who apprehended the defendant after a brief chase. Accordingly, based on the foregoing, we find that the defendant has not demonstrated appropriate mitigating factors which would establish a low likelihood of reoffense or danger to the community (*id.* at 128; *see* Correction Law § 168-*l* [5]). Thus, the defendant is not entitled to a downward departure to risk level one (*see People v Bowles*, 89 AD3d 171 [2011]), and his risk level was properly assessed at level two. Florio, J.P., Chambers, Hall and Miller, JJ., concur.