At issue is whether the County Court properly rejected the recommendation of the Board of Examiners of Sex Offenders for a downward departure from the defendant’s presumptive risk level two designation to a risk level one designation. The evidence in the record established by a preponderance of the credible evidence the mitigating factors supporting that recommendation based upon information in the presentence report and the case summary (see People v Crandall, 90 AD3d 628, 629 [2011]; People v Wyatt, 89 AD3d 112, 128 [2011]). Moreover, “based upon an examination of all [of the] circumstances relevant to the offender’s risk of reoffense and danger to the community” (People v Madison, 98 AD3d 573, 574 [2012]), we conclude that the presence of a number of factors reduce the *840 defendant’s risk of reoffending. These factors include the fact that the defendant had no prior criminal background, that the defendant’s relationship with the victim was consensual, that the victim chose to maintain that relationship after she reached adulthood, and that the defendant appears to be close to his family. Accordingly, the defendant’s application for a downward departure from his presumptive risk level two designation to a risk level one designation should have been granted, and he should have been designated a level one sex offender. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.