Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated October 14, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
At a hearing conducted pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the defendant requested that the Supreme Court downwardly depart from his presumptive risk level two designation. In that respect, the defendant demonstrated, by a preponderance of the evidence, a mitigating factor — namely, the lack of any convictions for sex offenses in the 14 years following his release on the instant offense — which is not adequately taken into account by the SORA Risk Assessment Guidelines (see People v Madison, 98 AD3d 573, 574 [2012]; People v Thompson, 34 AD3d 661, 662 [2006]; People v Abdullah, 31 AD3d 515, 516 [2006]). Nevertheless, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart. Particularly in light of the seriousness of the defendant’s offense, and, thus, the danger he poses to soci *746 ety should he reoffend, the Supreme Court properly determined that the presumptive risk level did not represent an overassessment of the defendant’s actual risk to public safety (see People v Madison, 98 AD3d at 574; see also People v October, 101 AD3d 975 [2012]; People v Delvalle, 100 AD3d 726 [2012], lv denied 20 NY3d 860 [2013]; see generally People v Wyatt, 89 AD3d 112 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 2 [2006]).
The defendant’s remaining contentions are without merit. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.