Appeal by the defendant from an order of the Supreme Court, Queens County (Rotker, J.), dated February 10, 2005, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [1998]), designated him a level two sex offender pursuant to Correction Law article 6-C. Ordered that the order is affirmed.
At a hearing conducted pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), to redetermine the defendant’s SORA risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [1998]), the defendant requested that the Supreme Court downwardly depart from his designation as a presumptive risk *806 level two sex offender. In that respect, the defendant demonstrated, by a preponderance of the evidence, that he had not been convicted of any sex offenses in the 12 years following his release from prison, which is a mitigating factor not adequately taken into account by the SORA Risk Assessment Guidelines (see People v Deline, 104 AD3d 745 [2013], lv denied 21 NY3d 856 [2013]; People v Madison, 98 AD3d 573, 574 [2012]; People v Thompson, 34 AD3d 661, 662 [2006]; People v Abdullah, 31 AD3d 515, 516 [2006]). Nevertheless, in light of the grievous nature of the defendant’s offense and, thus, the danger he poses to society should he reoffend, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level (see People v Deline, 104 AD3d at 745-746; People v Madison, 98 AD3d at 574; see also People v Delvalle, 100 AD3d 726 [2012]; see generally People v Wyatt, 89 AD3d 112 [2011]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 2 [2006]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit. Rivera, J.E, Skelos, Leventhal and Lott, JJ., concur.