■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant. [29 NYS3d 542]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated May 21, 2013, which, after a hearing, designated him, inter alia, a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-1 (8) provides that a failure by a state or local agency to act or by a court to render a determination within the time period specified by the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) shall not affect the obligation of a sex offender to register or verify under SORA, nor shall such failure prevent a court from making a determination regarding the sex offender's level of notification. Contrary to the defendant's contention, the delay in holding the hearing to determine his risk level pursuant to SORA was not so outrageously arbitrary as to constitute a gross abuse of governmental authority (*see People v Gallagher*, 129 AD3d 1252, 1253 [2015]; *People v Martin*, 119 AD3d 1385 [2014]; *People v Wilkes*, 53 AD3d 1073, 1074 [2008]; *People v Meyers*, 16 Misc 3d 115, 117-118 [App Term, 2d Dept 2007]; *cf. People v Gregory*, 71 AD3d 1559, 1560 [2010]).

The Supreme Court properly denied the defendant's application for a downward departure from his presumptive designation as a level two sex offender. The defendant demonstrated, by a preponderance of the evidence, that he had not been convicted of any sex offenses in the approximately 14 years following his release to probation, which is a mitigating factor not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter the Guidelines) (*see People v Rivera*, 109 AD3d 805, 806 [2013]; *People v Deline*, 104 AD3d 745 [2013]; *People v Abdullah*, 31 AD3d 515, 516 [2006]). Nevertheless, in light of the grievous nature of the defendant's offense and, thus, the danger he poses to society should he reoffend, the Supreme Court providently determined that the presumptive risk level did not represent an overassessment of the defendant's actual risk to public safety (*see People v Rivera*, 109 AD3d at 806; *People v Deline*, 104 AD3d at 745-746; *People v Madison*, 98 AD3d 573, 574 [2012]; *see generally People v Wyatt*, 89 AD3d 112, 121 [2011]; Guidelines at 2). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.