■ The People of the State of New York, Respondent, v Bernard Moultrie, Appellant. [45 NYS3d 590]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated March 21, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument (hereinafter RAI), within the range for a presumptive designation as a level two sex offender. Additionally, the court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under two risk factors, as well as the court's denial of his request for a downward departure.

Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 1, rather than the 10 points requested on the RAI by the Board of Examiners of Sex Offenders. The People proved by a preponderance of the evidence that the victim suffered substantial pain and, thus,

that the defendant inflicted physical injury on her (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter SORA Guidelines] at 8 [2006]; Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Francois*, 89 AD3d 588, 589 [2011]; *Matter of Ismaila M.*, 34 AD3d 373, 374 [2006]; *Matter of Jaja E.*, 134 AD2d 588, 588 [1987]). Accordingly, the assessment of 15 points under risk factor 1 was proper.

The defendant next contends that the Supreme Court should have declined to assess points under risk factor 11 for drug or alcohol abuse. Specifically, he contends that the assessment of points in this category was inappropriate in light of his lengthy period of abstinence from alcohol while incarcerated and his excellent performance in the substance abuse treatment program in prison. The court did not improvidently exercise its discretion in assessing points in this category. The evidence at the hearing regarding the defendant's abstinence from alcohol while imprisoned and his completion of the treatment program was of limited value in determining whether the defendant would abuse alcohol when returned to the community (*see People v Griest*, 133 AD3d 1062, 1062-1063 [2015]; *People v Watson*, 112 AD3d 501, 502-503 [2013]; *People v Warren*, 42 AD3d 593, 594 [2007]).

Finally, the Supreme Court properly rejected the defendant's request for a downward departure. A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Lathan*, 129 AD3d 686-687 [2015] [internal quotation marks omitted]; *see* SORA Guidelines at 4). Although "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the [SORA] Guidelines" (*People v Madison*, 98 AD3d 573, 574 [2012]; *see People v Rivera*, 109 AD3d 805, 806 [2013]; *cf. People v King*, 72 AD3d 1363, 1364 [2010]), the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (*cf. People v Madison*, 98 AD3d at 574). The defendant's remaining contentions in support of a downward departure are without merit. Accordingly, the court correctly denied the defendant's request for a downward departure from his presumptive risk level and properly designated him a level two sex offender (*see People v White*, 144 AD3d 881 [2016]). Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.