People v Santogual (2018 NY Slip Op 00183)





People v Santogual


2018 NY Slip Op 00183


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2012-11318

[*1]People of State of New York, respondent,
v
Gregory Santogual, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Felix O. De Jesus on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Wayne M. Ozzi, J.), dated November 21, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points on the risk assessment instrument (hereinafter RAI), within the range for a presumptive designation as a level three sex offender. Additionally, the court denied the defendant's request for a downward departure from that presumptive risk level, and it designated him a level three sex offender. The defendant challenges the assessment of 15 points under risk factor 11 (drug or alcohol abuse), as well as the court's denial of his request for a downward departure.
The Supreme Court erred in assessing the defendant 15 points under risk factor 11. Assessment of points in that category may be appropriate if the offender has a "history" of substance abuse or if the defendant "was abusing drugs and or alcohol at the time of the offense" (SORA: Risk Assessment Guidelines and Commentary at 15 [2006] [hereinafter Guidelines]; see People v Palmer, 20 NY3d 373, 379-380). Here, there was no contention that the defendant was abusing drugs or alcohol at the time of the offense, and the case summary itself stated that there "was no evidence of a substance abuse history." The court's assessment of points under this factor was based on proof of a single disciplinary adjudication for drug use. This adjudication in itself was insufficient to establish that the defendant had a "history" of substance abuse within the meaning of this risk factor (Guidelines at 15; cf. People v Palmer, 20 NY3d at 378; People v Marsh, 116 AD3d 680, 681).
Nevertheless, even with the subtraction of the 15 points erroneously assessed under risk factor 11, the defendant's point total on the RAI was in the range for a presumptive level three designation. The defendant contends that the Supreme Court should have granted his request for a downward departure. A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (People v [*2]Lathan, 129 AD3d 686, 687 [internal quotation marks omitted]; see Guidelines at 4; People v Moultrie, 147 AD3d 800, 801). An offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure (see People v Williams, 148 AD3d 540, 541; People v Moultrie, 147 AD3d at 801; People v Rivera, 109 AD3d 805, 806; People v Madison, 98 AD3d 573, 574). In this case, however, the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (see People v Moultrie, 147 AD3d at 801). Accordingly, the court properly denied the defendant's request for a downward departure and properly designated the defendant a level three sex offender (see id.).
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court