People v Souverain (2019 NY Slip Op 03092)





People v Souverain


2019 NY Slip Op 03092


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-09516

[*1]People of State of New York, respondent,
v
Kinsky Souverain, appellant. Janet E. Sabel, New York, NY (Justine Luongo and Arthur H. Hopkirk) for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated August 15, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that his response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is exceptional (see SORA: Risk Assessment Guidelines and Commentary at 17; People v Haye, 162 AD3d 801, 802; People v Santiago, 137 AD3d 762, 764; People v Coleman, 122 AD3d 599, 599; People v Washington, 105 AD3d 724, 725), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 861).
The defendant demonstrated, by a preponderance of the evidence, that he had not been convicted of any sex offenses in the approximately four years following his release to probation, which is a mitigating factor not adequately taken into account by the SORA Guidelines (see People v Gonzalez, 138 AD3d 814, 815; People v Rivera, 109 AD3d 805, 805-806; People v Deline, 104 AD3d 745, 745; People v Madison, 98 AD3d 573, 574). Nevertheless, in light of the violent nature [*2]of the defendant's offense and, thus, the danger he poses to society should he reoffend, the Supreme Court providently exercised discretion in declining to downwardly depart from the presumptive risk level (see People v Gonzalez, 138 AD3d at 815; People v Rivera, 109 AD3d at 805-806; People v Deline, 104 AD3d at 745; see generally SORA: Risk Assessment Guidelines and Commentary at 2).
The defendant's remaining contentions in support of his request for a downward departure are either adequately taken into account by the SORA guidelines or without merit.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court