People v Herbert (2020 NY Slip Op 05240)





People v Herbert


2020 NY Slip Op 05240


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2013-02431

[*1]People of State of New York, respondent,
v
Mark Herbert, appellant. Janet E. Sabel, New York, NY (Nancy E. Little of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated February 15, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2005, the defendant pleaded guilty to sodomy in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points and designated him a level three sex offender. The defendant appeals.
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). Based upon the grand jury testimony and the presentence investigation report, we find the assessment of 10 points for forcible compulsion to be supported by clear and convincing evidence (see People v George, 177 AD3d 1045, 1046; see also People v Hosear, 134 AD3d 633, 633). We also agree with the Supreme Court's assessment of 30 points under risk factor 5, based on the age of a victim being 10 years or younger. The grand jury testimony and the presentence investigation report indicated that one of the victims reported that the sexual abuse against him began when he was 10 years old (see People v Hernandez, 163 AD3d 1010, 1011-1012).
We agree with the Supreme Court's determination denying the defendant's request for a downward departure from his presumptive risk level. Although the record established that the defendant successfully completed a sex offender treatment program and a substance abuse treatment program, he failed to establish by a preponderance of the evidence that his response to either of those treatments was exceptional (see People v Robinson, 179 AD3d 1104; People v Figueroa, 138 AD3d 708, 709; People v Santiago, 137 AD3d 762, 764). Further, the evidence of the defendant's enrollment in educational and vocational programs while in prison was taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006), since he was not assessed additional points for conduct while confined (see People v Santos, 174 AD3d 658, 659).
The defendant's remaining contention is unpreserved for appellate review.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court