People v Williams (2022 NY Slip Op 02296)

People v Williams

2022 NY Slip Op 02296

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2018-08264

[*1]The People of the State of New York, respondent,
v
Robert Williams, appellant. 

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Emily Aguggia on the brief), for respondent.
Patricia Pazner, New York, NY (Benjamin Welikson of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated June 13, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, when assessing the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the Supreme Court properly assessed 15 points under risk factor 11. The People presented clear and convincing evidence that the defendant abused alcohol at the time of his first offense (see People v Palmer, 20 NY3d 373, 379; People v Alvarado, 173 AD3d 909, 910).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contends that his years at liberty without reoffense, participation in intensive sex offender therapy, strong family ties, and the totality of his circumstances constituted mitigating factors warranting a downward departure. "Although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the Risk Assessment Instrument (hereinafter RAI)" (People v Sprinkler, 162 AD3d 802, 803), the defendant, who had only been at liberty for approximately three years at the time of the SORA hearing, failed to establish by a preponderance of the evidence that this short period of time at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense, or that he has led an [*2]exemplary life such that he was entitled to a downward departure from the presumptive risk level (see id. at 803; cf. People v Sotomayer, 143 AD3d 686, 687; People v Thompson, 34 AD3d 661, 662; People v Abdullah, 31 AD3d 515, 516). Additionally, although "a response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Santiago, 137 AD3d 762, 764), here, the defendant failed to establish, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Davis, 199 AD3d 1030, 1031-1032; People v Santiago, 137 AD3d at 764). Further, the defendant's close family ties were adequately taken into account by the Guidelines (see People v Adams, 174 AD3d 828, 829-830). Finally, although "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines or the RAI" (People v Madison, 98 AD3d 573, 574), here, the defendant failed to establish, by a preponderance of the evidence, that the totality of his circumstances warranted a downward departure (see People v Sprinkler, 162 AD3d at 803; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Gonzalez, 138 AD3d 814, 815).
Accordingly, the Supreme Court properly denied, after a hearing, the defendant's request for a downward departure and designated him a level 3 sex offender.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court