People v Roberts (2022 NY Slip Op 07084)

People v Roberts

2022 NY Slip Op 07084

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07075

[*1]The People of the State of New York, respondent,
v
Javon Roberts, appellant. 

Clare J. Degnan, White Plains, NY (Jennifer Spencer of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 11, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On September 1, 2015, the defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree and rape in the first degree, as a juvenile offender, and sentenced to concurrent indeterminate terms of imprisonment of 3&frac13; to 10 years on each count. On May 19, 2021, in anticipation of a conditional release date for the defendant of August 18, 2021, the Board of Examiners of Sex Offenders (hereinafter the Board) made a recommendation to the Supreme Court that the defendant be designated a level three sex offender. Following a hearing conducted on August 10, 2021, the court designated the defendant a level three sex offender. The defendant was not thereafter conditionally released on August 18, 2021, and remains incarcerated.
The defendant's contention that the determination of his risk level under the Sex Offender Registration Act (Correction Law art. 6-C; hereinafter SORA) should be vacated because the Board failed to comply with the time period set forth in Correction Law § 168-l(6) in making its recommendation, and the Supreme Court failed to comply with the time period set forth in Correction Law § 168-n(2) in holding a hearing to determine his risk level, is unpreserved for appellate review (see People v Buyund, 37 NY3d 532, 539-540; People v Rodriguez, 21 NY3d 1030).
In any event, contrary to the defendant's contention, the failure to comply with the time periods set forth in Correction Law §§ 168-l(6) and 168-n(2) is not a basis to vacate the determination of his risk level pursuant to SORA. Correction Law § 168-l(8) expressly provides that "[a] failure by a state or local agency or the board to act or by a court to render a determination within the time period specified in this article shall not affect the obligation of the sex offender to register or verify under this article nor shall such failure prevent a court from making a determination regarding the sex offender's level of notification." Moreover, under the circumstances of this case, the timing of the Board's recommendation, as well as the hearing to determine the defendant's risk level pursuant to SORA, were not "'so outrageously arbitrary as to constitute a gross abuse of governmental authority'" (People v Scattareggia, 150 AD3d 1033, 1034, quoting People v Gonzalez, [*2]138 AD3d 814, 815). The defendant does not dispute that the hearing to determine his risk level was held at a meaningful time in relation to his terms of incarceration, or otherwise argue that the Supreme Court erred in designating him a level three sex offender (see People v Wyatt, 89 AD3d 112, 125).
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court