People v Johnson (2024 NY Slip Op 05811)

People v Johnson

2024 NY Slip Op 05811

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-03830

[*1]The People of the State of New York, respondent,
v
Richard Johnson, appellant. 

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered April 12, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1995, the defendant was convicted, upon a jury verdict, of crimes including rape in the first degree, criminal sexual act in the first degree, and three counts of sexual abuse in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, resulting in a presumptive level two designation, denied his application for a downward departure, and designated him a level two sex offender.
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to demonstrate that he was entitled to a downward departure. "Although advanced age may constitute a basis for a downward departure, an offender must demonstrate that advanced age at the time of the SORA determination resulted in the overassessment of the offender's risk to public safety" (People v Infantino, 215 AD3d 768, 770). Here, the defendant failed to demonstrate that his age at the time of his release and the SORA determination, 61 years old, resulted in an overassessment of his risk to public safety (see People v Ojeda, 216 AD3d 819, 819-820; People v Infantino, 215 AD3d at 770).
Further, while "'rehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines'" (People v Abdullah, 210 AD3d 704, 706, quoting People v Madison, 98 AD3d 573, 574 [alterations omitted]), the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (see id. at 706; People v Moultrie, 147 AD3d 800, 801).
In addition, the alleged support of the defendant's family was adequately taken into account by the Guidelines, and the defendant failed to demonstrate how having that support established a lower likelihood of reoffense or danger to the community (see People v Ack, 224 AD3d 851, 852; People v Flores-Hernandez, 219 AD3d 1533, 1534). Moreover, the remaining alleged mitigating factors set forth by the defendant, including his stable housing, the lack of prior sex crimes in his criminal history, and the defendant's conduct and completion of vocational, substance abuse, and other programs while incarcerated either were adequately taken into account by the Guidelines or did not warrant a downward departure (see People v Bonet, 225 AD3d 633, 635; People v Ramirez, 214 AD3d 1008, 1010; People v Abdullah, 210 AD3d at 706; People v Herbert, 186 AD3d 1732, 1733).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court