People v Deowsarran (2025 NY Slip Op 05266)

People v Deowsarran

2025 NY Slip Op 05266

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-03040

[*1]People of the State of New York, respondent,
v
Richard Deowsarran, appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke and Lauren Tan of counsel), for respondent.
Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 2, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The County Court properly denied the defendant's application for a downward departure from his presumptive designation as a level two sex offender. The defendant failed to identify any mitigating factors not adequately taken into account by the Guidelines risk factor score (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). The defendant's remorse and acceptance of responsibility were adequately taken into account by the Guidelines risk factor score, as the defendant was assessed zero points under risk factor 12 (acceptance of responsibility) (see People v Gonzalez, 238 AD3d 914, 915; People v Skipper, 235 AD3d 671, 672). Further, although an offender's "response to [sex offender] treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17), the defendant presented no evidence that his response to sex offender treatment was exceptional (see People v Gonzalez, 238 AD3d at 915; People v Marte, 236 AD3d 938, 939). Finally, the fact that the defendant abstained from alcohol and drugs "while imprisoned and his completion of [an alcohol and substance abuse] treatment program [were] of limited value in determining whether the defendant would abuse alcohol [and drugs] when returned to the community" (People v Moultrie, 147 AD3d 800, 801; see People v Robinson, 231 AD3d 754, 755).
Accordingly, the County Court properly designated the defendant a level two sex offender.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court