■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LARABY, Appellant. [822 NYS2d 162]—

Mugglin, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 28, 2005 in St. Lawrence County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1992, defendant was convicted of sodomy in the first degree and sexual abuse in the first degree as a result of a series of sexual encounters he had with his adopted daughter and one of her friends. He was sentenced, respectively, to concurrent terms of 3 to 9 years and 2$^1/_3$ to 7 years in prison. After he was released from prison, he was classified as a risk level III sex offender under the Sex Offender Registration Act. He was subsequently afforded a rehearing pursuant to the stipulation in *Doe v Pataki* (3 F Supp 2d 456 [SD NY 1998]) after which he was again classified as a risk level III sex offender. Defendant appeals.

Initially, defendant contends that Supreme Court did not comply with paragraphs 12 and 13 of the stipulation set forth in *Doe v Pataki (supra)* in classifying him as a risk level III sex offender. In particular, he asserts that the court failed to give due consideration to the exemplary conduct that he has exhibited since his initial registration, which includes his maintenance of a full-time job and a clean parole record. The transcripts of the proceedings, however, disclose that the court specifically considered these factors, as well as defendant's participation in

a sex offender treatment program, and even adjourned the hearing to receive more evidence on these issues. The court was not bound by the stipulation to reduce defendant's risk assessment based upon these factors, but rather it properly considered them in the context of other relevant factors in deciding to adhere to the risk level III classification. While we find merit to defendant's further claim that Supreme Court improperly imposed 10 points based upon his use of violence—inasmuch as the guidelines provide that the age of the victim shall not be the sole basis for such a finding (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [Nov 1997])—he would still be categorized as a risk level III sex offender when such points are deducted from his current score. Therefore, we find no basis to disturb the risk level III classification.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.