=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 47
The People &c.,
            Respondent,
        v.
Dennis Ford,
            Appellant.




        Michael C. Taglieri, for appellant.
        Anthea H. Bruffee, for respondent.




MEMORANDUM:

        The Appellate Division order should be reversed,

without costs, and the case remitted to Supreme Court for further

proceedings in accordance with this memorandum.

        In January 2009, defendant entered a livery cab and

requested that the female driver take him to a particular address

in Brooklyn.  While in the cab, defendant pointed a gun at the

- 1 -

victim and stole her money and wallet.  Defendant then demanded
that she pull her pants down, and after the victim complied,
defendant inserted two of his fingers into her vagina.  Defendant
pleaded guilty to sexual abuse in the first degree and was
sentenced to a determinate term of three years imprisonment and
five years of postrelease supervision.  While imprisoned,
defendant committed 16 tier II and 4 tier III disciplinary
violations.  As a consequence of the disciplinary penalties,
defendant's violations prevented him from participating in any
sex offender treatment while incarcerated.

In anticipation of defendant's Sex Offender
Registration Act (SORA) hearing, the Board prepared a Risk
Assessment Instrument (RAI) assessing defendant a total of 100
points, making him a presumptive level two sex offender.  As
relevant here, the Board assessed 10 points under risk factor 13
for unsatisfactory conduct while confined.  However, the Board
did not assess any points for post-offense behavior under risk
factor 12.  The Board recommended an upward departure to level
three based on the violent and opportunistic nature of
defendant's crime, his failure to participate in sex offender
treatment, and his lack of remorse for the crime.

Supreme Court questioned whether defendant should have
been assessed points under failure to accept responsibility
because his multiple prison violations prevented him from
participating in sex offender treatment.  The People then urged

that the court assess points under risk factor 12 or grant an upward departure. Defendant objected to the assessment of points and opposed an upward departure. Ultimately, the court assessed 15 points for failure to accept responsibility, reasoning that defendant put "himself into a situation where he ends up in special housing and, therefore, [could not] receive treatment." The court, however, determined that the People failed to meet their burden for an upward departure. With the additional 15 points under risk factor 12, defendant was adjudicated a level three sex offender. The Appellate Division affirmed (People v Ford, 112 AD3d 600), stating that "Supreme Court properly considered . . . defendant's lengthy disciplinary record while incarcerated, which prevented him from participating in a sex offender treatment program, as evidence of a refusal of treatment" (id. at 600 [citations omitted]). This Court granted defendant's motion for leave to appeal.

The SORA Guidelines provide:

> "An offender who does not accept responsibility for his [or her] conduct or minimizes what occurred is a poor prospect for rehabilitation. Such acknowledgment is critical, since an offender's ability to identify and modify the thoughts and behaviors that are proximal to his [or her] sexual misconduct is often a prerequisite to stopping that misconduct."

(SORA Guidelines, at 15 [internal citation omitted]). In calculating an offender's risk level for post-offense behavior, 15 points are added under risk factor 12 if an "offender has

refused or been expelled from treatment since such conduct is powerful evidence of the offender's continued denial and his [or her] unwillingness to alter his [or her] behavior." Alternatively, the Board may assess an offender 10 points under risk factor 12 for failure to accept responsibility based on other facts indicating the defendant's lack of remorse.

Whether a defendant's prison disciplinary violations which prevent him or her from attending treatment can trigger an assessment of points under risk factor 12 has not been addressed by this Court. We hold that defendant's inability to participate in sex offender treatment due to his disciplinary violations was not tantamount to a refusal to participate in treatment under the SORA Guidelines. Refusal contemplates an intentional explicit rejection of what is being offered. There is no indication here that defendant explicitly refused treatment. Conduct that places a defendant in a position where he or she could not receive treatment is not equal to refusal to participate in treatment. Inferring refusal from a defendant's disciplinary record is not supported by the Guidelines, which state that points should be assessed where a defendant refuses treatment or is expelled from treatment.

Certainly defendant had a substantial number of disciplinary violations. Beyond assessing a defendant points under risk factor 13 for his or her conduct while confined, the People may seek an upward departure based on the RAI not

adequately taking into account the considerable number of disciplinary violations incurred by a defendant.  Additionally, the People may seek an upward departure based on the defendant not receiving sex offender treatment.  This is a route available to the People to account for a defendant's repeated disciplinary violations.  Supreme Court erred as a matter of law in determining that defendant's disciplinary violations were tantamount to a refusal to participate in sex offender treatment.

Based upon the error of the lower courts, this proceeding should be remitted for appropriate designation of defendant's risk level without the assessment of 15 points under risk factor 12 for refusal to participate in treatment.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, without costs, and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the memorandum herein.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.


Decided March 26, 2015