■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMARR FOWLER, Appellant. [43 NYS3d 275]—

Order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered December 17, 2013, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-c), unanimously affirmed, without costs. Order, same court and Justice, entered September 3, 2014, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered July 31, 2008, as amended April 20, 2010, unanimously affirmed.

After a thorough evidentiary hearing, the court properly denied defendant's CPL 440.10 motion, in which he claimed ineffective assistance of counsel. Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).

Defense counsel adequately investigated the possibility that the victim, who was 14 years old at the time of the incident, had a consensual sexual encounter with two teenagers but had falsely accused defendant of rape in order to give her family a more acceptable story. Counsel pursued this theory, but based on the teenagers' equivocal and contradictory statements, he made a legitimate strategic decision not to call them to testify, opting instead to use other evidence.

Defense counsel adequately investigated and rejected defendant's purported "alibi" defense, which was no alibi at all, as it placed defendant within one block of the crime scene around the time of the incident, and corroborated certain details in the complainant's testimony. Accordingly, there was no need for counsel to delve further into the purported alibi evidence.

Where defendant's DNA was the only DNA on the condom, and the victim had suffered a vaginal injury, defense counsel effectively challenged that evidence by eliciting that another condom noticed by the police at the crime scene was never

recovered or tested, and by providing an innocent theory, which did not involve the victim, for the incriminating condom. There is no indication that consulting a medical expert or DNA expert, or further investigating this aspect of the case would have provided any benefit to defendant, or that counsel's handling of this issue prejudiced the defense.

Finally, although the jury convicted defendant of second-degree rape, a class D felony, based on the age of the victim, it acquitted defendant of the class B felony counts, which were based on forcible compulsion. There is no reason to believe that further efforts by counsel could have resulted in an outright acquittal.

Turning to defendant's civil appeal from his sex offender adjudication, we find that the court properly assessed 30 points for defendant's commission of a prior violent felony, notwithstanding that it resulted in a youthful offender adjudication (*see People v Wilkins*, 77 AD3d 588 [1st Dept 2010], *lv denied* 16 NY3d 703 [2011]). However, there was an insufficient basis for assessing 15 points for refusal to participate in sex offender treatment, rather than 10 points for mere failure to accept responsibility, because the People argued at the SORA hearing that defendant was prevented from completing the program due to his disciplinary record, which is not "tantamount to a refusal to participate" (*People v Ford*, 25 NY3d 939, 941 [2015]). Nevertheless, defendant remains a level two offender, and there is no basis for a discretionary downward departure (*see generally People v Gillotti*, 23 NY3d 841 [2014]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.