# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**715**

**KA 14-02132**

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NICHOLAS J. LOUGHLIN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered November 18, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Inasmuch as defendant's counsel agreed at the hearing that it was within County Court's discretion to consider, under risk factor 9, defendant's prior person in need of supervision (PINS) adjudication involving a sexual offense, defendant waived his present challenge to the court's application of that prior adjudication in determining defendant's risk level on the ground that it is a PINS adjudication (*see generally People v Dominguez*, 257 AD2d 511, 512, *lv denied* 93 NY2d 872). We reject defendant's further contention that the court erred in considering the PINS adjudication because defendant was only 10 years old at the time he committed the sexual offense. The record reflects that the court properly considered defendant's age at the time of the offense under risk factor 8, "Age at First Sex Crime." According to the risk assessment guidelines, "[t]he offender's age at the commission of his first sex crime . . . is a factor associated with recidivism: those who offend at a young age are more prone to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [2006]).

Defendant also contends that the court improperly assessed 15 points against him under risk factor 12, "Acceptance of Responsibility," based upon his alleged refusal to participate in sex offender treatment. We agree. Here, the case summary establishes

that defendant was "removed" from his sex offender treatment program based on disciplinary violations, which under the risk assessment guidelines is "not tantamount to a refusal to participate in treatment" (*People v Ford*, 25 NY3d 939, 941; *cf. People v Jackson*, 134 AD3d 1580, 1581). However, even without those 15 points, defendant remains a level three risk (*see generally People v Laraby*, 32 AD3d 1130, 1131).

Finally, although defendant is correct that the court should have applied a preponderance of the evidence standard to his request for a downward departure from his presumptive risk level rather than a clear and convincing evidence standard (*see People v Gillotti*, 23 NY3d 841, 860-861), remittal is not required because the record is sufficient to enable us to determine under the proper standard whether the court erred in denying defendant's request (*see People v Merkley*, 125 AD3d 1479, 1479). We conclude that the court properly determined that defendant's alleged mitigating factor was not otherwise accounted for in the risk assessment guidelines (*see generally People v Watson*, 95 AD3d 978, 979), but defendant failed to meet his burden of demonstrating by a preponderance of the evidence how that alleged mitigating factor would tend to reduce the risk of his own recidivism or danger to the community (*see generally People v Johnson*, 120 AD3d 1542, 1542, *lv denied* 24 NY3d 910). Thus, the court lacked discretion to depart from the presumptive risk level (*see id.*).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court