■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v GARY ANDERSON, Appellant. [56 NYS3d 240]—

Appeal from an order of the Supreme Court, Kings County (Sheryl L. Parker, J.), dated December 19, 2012. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree and endangering the welfare of a child. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 120 points under the risk assessment instrument (hereinafter RAI), denied the defendant's request for a downward departure, and designated him a level three sex of-

fender. On appeal, the defendant challenges the assessment of points under risk factors 12 and 13, as well as the court's denial of his request for a downward departure.

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (*People v Eaton*, 105 AD3d 722, 723 [2013]; *see* Correction Law § 168-n [3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]).

Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 13, rather than the 10 points assessed by the Board on the RAI. The People demonstrated by clear and convincing evidence that the defendant engaged in unsatisfactory conduct during his confinement or supervision involving sexual misconduct (*see People v George*, 142 AD3d 1059, 1060 [2016]; *People v Dallas*, 122 AD3d 698, 699 [2014]; *People v Baluja*, 109 AD3d 803, 804 [2013]; *People v Lawson*, 90 AD3d 1006, 1006-1007 [2011]).

We agree with the defendant, however, that the People failed to establish by clear and convincing evidence that the Board correctly assessed 15 points against him under risk factor 12 (*see People v Ford*, 25 NY3d 939, 941 [2015]; *People v Loughlin*, 145 AD3d 1426, 1427 [2016]; *People v Fowler*, 145 AD3d 437, 438 [2016]; *cf. People George*, 142 AD3d 1059, 1060 [2016]; *People v Valdez*, 123 AD3d 785, 786 [2014]; *People v Harris*, 100 AD3d 727, 728 [2012]). Under risk factor 12, a court may assess 15 points against an offender who "has refused or been expelled from" sex offender treatment (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). However, "[c]onduct that places a defendant in a position where he or she could not receive treatment is not equal to refusal to participate in treatment. Inferring refusal from a defendant's disciplinary record is not supported by the Guidelines, which state that points should be assessed where a defendant refuses treatment or is expelled from treatment" (*People v Ford*, 25 NY3d at 941).

Here, although it is undisputed that the defendant was discharged from two residential treatment facilities due to misconduct, the People failed to present any reliable evidence demonstrating that the defendant received sex offender treat-

ment during his confinement or supervision at those facilities. In December 2004, after the defendant's conviction in November 2004, when he was 16 years old, the defendant was placed at Lakeview NeuroRehabilitation Center (hereinafter Lakeview), a residential treatment facility. In November 2005, the defendant was discharged from Lakeview and remanded to Rikers Island after numerous incidents of aggression. According to a psychosexual evaluation dated October 20, 2005, the defendant received various forms of behavioral therapy at Lakeview but, as of that date, he had "not received any sexual offender-specific treatment." In June 2006, the defendant was transferred to another residential treatment facility, Pennsylvania Clinical School, which was described as a facility that treated juveniles who commit sex offenses, arson, and various other serious offenses. In October 2006, the defendant was discharged from Pennsylvania Clinical School after attacking a staff member. Thus, although the evidence demonstrated that the defendant was discharged from two residential treatment facilities, the evidence failed to demonstrate that the defendant was expelled from, or explicitly refused to participate in, sex offender treatment during his confinement at those facilities (see People v Ford, 25 NY3d at 941).

The Supreme Court properly denied the defendant's request for a downward departure to a risk level one designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Gillotti, 23 NY3d 841, 861 [2014]). Here, the defendant failed to identify any appropriate mitigating factor which would warrant a downward departure (see People v Calle-Calle, 145 AD3d 804, 804 [2016]; People v White, 144 AD3d 881, 882 [2016]; People v Jordan, 142 AD3d 596, 596 [2016]).

After subtracting the 15 points improperly assessed under risk factor 12, the defendant's point total on the RAI is 105, within the range for a level two sex offender. We therefore reverse the order appealed from and designate the defendant a level two sex offender. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.