Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated October 21, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 After a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court granted the People’s application for an upward departure from the defendant’s presumptive risk level two, based upon the defendant having committed uncharged crimes of a sexual nature, and designated the defendant a level three sex offender. On his appeal, the defendant argues that the County Court should not have granted the People’s application.
 

 “Where, as here, the People seek an upward departure, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence” (People v Ragabi, 150 AD3d 1161, 1161 [2017]; see People v Gillotti, 23 NY3d 841, 861-862 [2014]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]). “Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender’s actual risk to the public” (People v Ragabi, 150 AD3d at 1161; see People v Gillotti, 23 NY3d at 861).
 

 Here, the County Court properly determined that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the Guidelines, namely, the defendant’s commission of uncharged crimes of a sexual nature (see People v DeWoody, 127 AD3d 831, 832 [2015]; People v DeJesus, 117 AD3d 1017,1018 [2014]). Upon determining the existence of this aggravating factor, the court providently exercised its discretion in granting the People’s application for an upward departure.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.