People v Leake (2018 NY Slip Op 08516)





People v Leake


2018 NY Slip Op 08516


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-12242

[*1]People of State of New York, respondent,
v
Edward Leake, appellant.


Diane T. Webster, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered September 22, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of two counts of rape in the first degree and one count of burglary in the first degree. After a Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) risk level assessment hearing, the Supreme Court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed the defendant 10 points under risk factor 8 because he was 20 years old at the time he committed the underlying sex offense (see SORA: Risk Assessment Guidelines and Commentary at 13 [2006]; People v Quinn, 99 AD3d 776; People v Serrano, 61 AD3d 946, 947). Similarly, the court also properly assessed the defendant 15 points under risk factor 11 based upon evidence of the defendant's history of substance abuse (see People v Hernandez, 153 AD3d 862; People v Zavala, 114 AD3d 653, 654; People v Finizio, 100 AD3d 977, 978), as well as 20 points under risk factor 13 based, among other things, on evidence that the defendant engaged in sexual misconduct while confined (see People v Anderson, 151 AD3d 767, 768; People v George, 142 AD3d 1059, 1060).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, although the defendant identified two factors that are not taken into account by the SORA Guidelines, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure (see People v Baisley, 124 AD3d 485, 485-486; see also People v Rivera, 109 AD3d 805).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court