People v Davis (2019 NY Slip Op 01912)





People v Davis


2019 NY Slip Op 01912


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


206 KA 17-02061

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD A. DAVIS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered April 11, 2017. The amended order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an amended decision and order, issued after our remittal (see People v Davis, 145 AD3d 1625 [4th Dept 2016], lv dismissed 29 NY3d 976 [2017]), determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) and denying his request for a downward departure from his presumptive risk level. Although Supreme Court should have applied a preponderance of the evidence standard to defendant's request for a downward departure rather than a clear and convincing evidence standard (see People v Gillotti, 23 NY3d 841, 860-861 [2014]), we conclude that another remittal is not required because the record is sufficient to enable us to determine under the proper standard whether the court erred in denying defendant's request (see People v Merkley, 125 AD3d 1479, 1479 [4th Dept 2015]).
Here, defendant's lack of prior criminal history, acceptance of responsibility, and completion of sex offender counseling cannot be mitigating circumstances because they are already adequately taken into account by the guidelines inasmuch as the court did not assign defendant points on the risk assessment instrument for criminal history, lack of acceptance of responsibility, or poor conduct while confined/supervised (see People v Varin, 158 AD3d 1311, 1312 [4th Dept 2018], lv denied 31 NY3d 905 [2018]; People v Reber, 145 AD3d 1627, 1627-1628 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally Gillotti, 23 NY3d at 861). Although an offender's response to sex offender treatment, if exceptional, can be the basis for a downward departure (see People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]), defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional. Regarding defendant's contention that his past employment history is a mitigating circumstance, we conclude that defendant failed to demonstrate by a preponderance of the evidence how this alleged mitigating circumstance would reduce his risk of sexual recidivism or danger to the community (see generally People v Asfour, 148 AD3d 1669, 1671 [4th Dept 2017], lv denied 29 NY3d 914 [2017]; People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). The court therefore lacked discretion to depart from the presumptive risk level (see Loughlin, 145 AD3d at 1428).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court