People v Hart (2019 NY Slip Op 02656)





People v Hart


2019 NY Slip Op 02656


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Richter, J.P., Tom, Kahn, Moulton, JJ.


8937 6351/08

[*1]The People of the State of New York, Respondent,
v
Jason Hart, Defendant-Appellant.


Tina M. Luongo, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about October 24, 2012, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed defendant 15 points under the risk factor for drug or alcohol abuse. Defendant's admissions of his extensive history of substance abuse provided clear and convincing evidence, satisfying the standard set forth in People v Palmer (20 NY3d 373, 378-379 [2013]). The court also properly assessed 10 points under the risk factor for conduct while confined, based on defendant's lengthy record of disciplinary infractions (see People v Chabrier, 38 AD3d 355 [1st Dept 2007] lv denied 9 NY3d 801 [2007]).
However, defendant was improperly assessed 15 points under the risk factor for acceptance of responsibility. The case summary noted that defendant was removed from a sex offender treatment program due to poor progress and participation, which under the SORA Guidelines is "not tantamount to refusal to participate in treatment" (People v Ford, 25 NY3d 939, 941 [2014]). Nevertheless, without those points defendant remains a level two offender, and even with the corrected point score we find no basis for a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK