People v Mann (2019 NY Slip Op 08057)





People v Mann


2019 NY Slip Op 08057


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1001 KA 18-01410

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMIAH MANN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered April 12, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). To the extent that defendant contends that County Court erred in assessing points under risk factor three (number of victims), risk factor five (age of victim), and risk factor seven (relationship with victim), we reject that contention. The People established by the requisite clear and convincing evidence that defendant's crime involved three or more victims, that the victims were aged 10 and under, and that defendant was a stranger to the victims, and accordingly the court properly assessed defendant points under those risk factors (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10-12 [2006] [Guidelines]; People v Johnson, 11 NY3d 416, 419 [2008]; see generally Correction Law § 168-n [3]).
We also reject defendant's contention that the court erred in denying his request for a downward departure to a level one risk. Defendant failed to prove, by a preponderance of the evidence, a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines at 4; see generally People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]). Contrary to defendant's contention, his acceptance of responsibility, lack of criminal history, and engagement in sex offender treatment were adequately taken into account in assessing his presumptive risk level (see People v Davis, 170 AD3d 1519, 1519-1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]; see also People v Jewell, 119 AD3d 1446, 1448-1449 [4th Dept 2014], lv denied 24 NY3d 905 [2014]). Although an offender's response to sex offender treatment, if exceptional, may provide a basis for a downward departure (see People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]), defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court