People v Thomas (2020 NY Slip Op 00084)





People v Thomas


2020 NY Slip Op 00084


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10707 3357/09

[*1] The People of the State of New York, Respondent,
v
William Thomas, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 29, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 20 points under the risk factor for unsatisfactory conduct while confined, including sexual misconduct. There was reliable evidence that defendant engaged in lewd conduct directed at a female officer, and the record fails to support defendant's characterization of his conduct as other than sexual.
However, the court incorrectly assessed 15 points under the risk factor for acceptance of responsibility, because defendant was removed from sex offender treatment for reasons that were "not tantamount to a refusal to participate in treatment" (People v Ford, 25 NY3d 939, 941 [2015]). Instead, the court should have assessed 10 points under the same risk factor based on defendant's general failure to accept responsibility for his sexual misconduct. Nevertheless, even without any assessment for the risk factor for acceptance of responsibility, defendant remains a level three offender, and even with such a reduced score we find no basis for a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or outweighed by aggravating factors, including the seriousness of the underlying offenses.
The court providently exercised its discretion in declining to defer defendant's sex offender classification hearing indefinitely, pending civil commitment proceedings (see People v Powell, 170 AD3d 413 [1st Dept 2019], lv denied 33 NY3d 908 [2019]; People v Blum, 166 AD3d 571 [1st Dept 2018], lv denied 32 NY3d 918 [2019]). We have considered defendant's remaining arguments relating to this issue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK