People v Stewart (2021 NY Slip Op 06513)





People v Stewart


2021 NY Slip Op 06513


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


958 KA 19-02204

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA STEWART, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Douglas A. Randall, J.), entered November 7, 2019. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that County Court's assessment of 15 points under risk factor 11 for history of drug or alcohol abuse, which was based on the recommendation in the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, is not supported by clear and convincing evidence (see § 168-n [3]). Although defendant asserted that his prior drug or alcohol use was recreational, occasional, and did not constitute abuse, his admissions to the Probation Department regarding his daily drinking habits during the time period of the offense established "a pattern of drug or alcohol use in [the] defendant's history" evincing substance abuse (People v Kowal, 175 AD3d 1057, 1057 [4th Dept 2019] [internal quotation marks omitted]; see People v Richardson, 197 AD3d 878, 879 [4th Dept 2021]; cf. People v Palmer, 20 NY3d 373, 378-379 [2013]). Moreover, defendant admitted that he "provided marihuana to the [underage] victim[] . . . during the course of his sexual misconduct" against her and that he smoked marihuana at least once a week during that time period (People v Caleb, 170 AD3d 1618, 1619 [4th Dept 2019], lv denied 33 NY3d 910 [2019]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court