People v Boone (2022 NY Slip Op 00740)





People v Boone


2022 NY Slip Op 00740


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Ind No. 3228/08 Appeal No. 15205 Case No. 2020-02825 

[*1]The People of the State of New York, Respondent,
v
Nathaniel Boone, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Diana J. Lewis of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 27, 2020, as amended September 25, 2020, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant an indefinite adjournment of defendant's sex offender classification hearing based on the pendency of an article 10 civil commitment proceeding (see e.g. People v Thomas, 179 AD3d 444, 445 [1st Dept 2020], lv denied 35 NY3d 908 [2020]). The timing of the adjudication was consistent with Correction Law § 168-n. The assessment of 160 points, based on defendant's sexual abuse over a period of more than three years of four young girls entrusted to his care, rendered defendant a presumptive level three offender; in addition, his prior felony sex crime conviction automatically resulted in an override to level three. The only material issue was whether the court should grant a downward departure to level two. Contrary to defendant's contention, we find no basis for a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately accounted for by the guidelines or outweighed by aggravated factors. "Under the circumstances, the possibility that the court would be in a better position to decide the risk assessment issue at the end of defendant's civil commitment, if any, is speculative. In any event, defendant has the statutory right to seek a modification of his SORA risk level designation in the future" (People v Blum, 166 AD3d 571, 571 [1st Dept 2018] [internal quotation marks omitted], lv denied 32 NY3d 918 [2019])
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022