People v Worley (2022 NY Slip Op 01056)





People v Worley


2022 NY Slip Op 01056


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-07981

[*1]The People of the State of New York, respondent,
v
Michael Worley, appellant. 


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.
Patricia Pazner, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated June 22, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his pleas of guilty, of attempted rape in the first degree and endangering the welfare of a child. The Board of Examiners of Sex Offenders assessed the defendant a total of 115 points, which rendered him a presumptive level three sex offender. At a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court found that the People failed to prove facts supporting the imposition of points under risk factor 12 (acceptance of responsibility). The elimination of the points under risk factor 12 reduced the defendant's presumptive risk level to a level two (see People v Ford, 25 NY3d 939). However, based upon the defendant's extensive disciplinary history while confined, the court upwardly departed from the presumptive risk level two classification and designated the defendant a level three sex offender. The defendant appeals.
The defendant's contention that his unsatisfactory conduct while confined is not an appropriate basis for an upward departure because it is not an aggravating factor not adequately taken into account by the risk assessment guidelines is unpreserved for appellate review, as he did not raise this argument at the SORA hearing (see People v McKenna, 186 AD3d 1542, 1543). In any event, the Supreme Court properly determined that the defendant's extensive number of disciplinary violations while confined was an aggravating factor not adequately taken into account by the guidelines (see People v Ford, 25 NY3d at 941-942), and that the People proved the existence of this factor by clear and convincing evidence (see People v Woodson, 156 AD3d 832, 833). Upon determining the existence of this aggravating factor, the court providently exercised its discretion in upwardly departing from the presumptive level two designation (see id. at 833).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court