People v White (2023 NY Slip Op 01968)

People v White

2023 NY Slip Op 01968

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Ind. No. 565/04 Appeal No. 65 Case No. 2019-2083 

[*1]The People of the State of New York, Respondent,
v
Kevin White, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Anju Alexander of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on January 8, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 15 points under the risk factor for refusing to participate in sex offender treatment was supported by clear and convincing evidence, consisting of the case summary and corroborating documents (see People v Mingo, 12 NY3d 563, 571-574 [2009]). Defendant independently and expressly refused to participate, and he was not merely prevented from attending due to unrelated disciplinary sanctions (see People v Ford, 25 NY3d 939, 941 [2015]).
The court's assessment of 30 points under the risk factor for being armed with a dangerous instrument during the commission of the offense (see People v Pettigrew, 14 NY3d 406, 409 [2010]) was also supported by clear and convincing evidence, including the victim's grand jury testimony, which established that defendant beat the victim with a chair, brandished a knife, and threatened to kill the victim before committing the sexual assault. This evidence established "a continuing incident" during which dangerous instruments were used and threatened (People v Eddy M., 185 AD3d 461, 462 [1st Dept 2020], lv denied 35 NY3d 918 [2020]).
The court providently exercised its discretion when it denied defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). There was nothing exceptional about defendant's participation in sex offender treatment, to the extent he originally participated, and there were no other mitigating factors not adequately taken into account by the risk assessment instrument or outweighed by the gravity of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023