People v Rivera (2024 NY Slip Op 03282)

People v Rivera

2024 NY Slip Op 03282

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

370 KA 22-01555

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRUZ RIVERA, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Victoria M. Argento, J.), dated August 22, 2022. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) after a conviction of sexual abuse in the first degree (Penal Law § 130.65 [3]). Correction Law §§ 168-d (3) and 168-n (3) both require "the court fixing a sex offender's risk level determination to 'render an order setting forth . . . the findings of fact and conclusions of law on which the determinations are based' " (People v Leopold, 13 NY3d 923, 924 [2010], quoting Correction Law § 168-n [3]; see People v Smith, 11 NY3d 797, 798 [2008]). We agree with defendant that Supreme Court failed to comply with the statutes inasmuch as it made only general and conclusory findings of fact and conclusions of law (see People v Mahar, 191 AD3d 1237, 1237 [4th Dept 2021]; People v Flax, 71 AD3d 1451, 1451-1452 [4th Dept 2010]). Nevertheless, we conclude that the record is sufficient to allow us to render our own findings of fact and conclusions of law (see People v Palmer, 20 NY3d 373, 380 [2013]; People v Gilbert, 78 AD3d 1584, 1584 [4th Dept 2010], lv denied 16 NY3d 704 [2011]; People v Urbanski, 74 AD3d 1882, 1883 [4th Dept 2010], lv denied 15 NY3d 707 [2010]).
We reject defendant's contention that the court erred in assessing 15 points under risk factor 11 for alcohol or drug abuse. Risk factor 11 applies "where the offender had a history of alcohol or drug abuse or where the offender consumed sufficient quantities of these substances such that the offender can be shown to have abused alcohol or drugs" (Palmer, 20 NY3d at 378). "A history of substance abuse within the meaning of risk factor 11 exists only when there is a pattern of drug or alcohol use in [the] defendant's history" (People v Jackson, 203 AD3d 1680, 1681 [4th Dept 2022] [internal quotation marks omitted]). The case summary prepared by the Board of Examiners of Sex Offenders states that, at a substance abuse evaluation conducted in April 2021, defendant indicated that he began drinking alcohol at age 12 and would consume "approximately 25 bottles on weekends" when he was drinking. Defendant reported that he last used alcohol in 2014, but he admitted to being under the influence of alcohol when he was arrested in September 2015. In any event, defendant's abuse of alcohol prior to 2014 occurred during the time period of some of the underlying offenses. Defendant was given diagnostic impressions of alcohol use disorder—severe. The People therefore established by clear and convincing evidence that defendant had the requisite pattern of alcohol abuse to support the assessment of 15 points under risk factor 11 (see People v Heffernan, 217 AD3d 1593, 1594 [4th Dept 2023], lv denied 40 NY3d 909 [2023]; Jackson, 203 AD3d at 1681; People v Stewart, 199 AD3d 1479, 1479-1480 [4th Dept 2021], lv denied 38 NY3d 908 [2022]).
We reject defendant's further contention that the court erred in assessing 15 points under risk factor 12 for acceptance of responsibility. The assessment of 15 points is appropriate where, as here, the offender has refused or been expelled from treatment (see People v Ford, 25 NY3d 939, 941 [2015]). The case summary states that defendant was removed from the sex offender counseling and treatment program in May 2021 and has thereafter refused to participate in the program. Although defendant is correct that removal from a sex offender treatment program for disciplinary violations is not tantamount to refusal to participate in treatment (see id.), defendant's reliance on Ford is misplaced inasmuch as there is no indication in the record that defendant was expelled from the program based on disciplinary violations (cf. id.; People v Loughlin, 145 AD3d 1426, 1427 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). The assessment of 15 points under risk factor 12 was therefore proper (see People v Richardson, 197 AD3d 878, 880 [4th Dept 2021], lv denied 37 NY3d 918 [2022]; People v Thousand, 109 AD3d 1149, 1149-1150 [4th Dept 2013], lv denied 22 NY3d 857 [2013]).
Finally, we note that, even without the assessment of 15 points for risk factor 11 and 15 points for risk factor 12, defendant remains a level 3 risk (see People v Valentine, 187 AD3d 1681, 1681-1682 [4th Dept 2020], lv denied 36 NY3d 907 [2021]; People v Robinson, 160 AD3d 1441, 1442 [4th Dept 2018]; People v Riddick, 139 AD3d 1121, 1122 [3d Dept 2016]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court