People v Hansel (2025 NY Slip Op 00359)

People v Hansel

2025 NY Slip Op 00359

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0450
[*1]The People of the State of New York, Respondent,
v
Raymond A. Hansel, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Michael T. Baker, Public Defender, Binghamton (Brian C. Smith of counsel), for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Clark, J.P.
Appeal from an order of the County Court of Broome County (William Pelella, J.), entered September 27, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2022, defendant's 2020 conviction for the crimes of predatory sexual assault against a child and three counts of rape in the first degree — as charged in a multicount indictment and stemming from his alleged criminal sexual conduct against a young family member — was reversed on appeal (People v Hansel, 200 AD3d 1327 [3d Dept 2021], lv denied 38 NY3d 927 [2022]). Thereafter, defendant pleaded guilty to the reduced charge of rape in the second degree in satisfaction of that indictment and was sentenced to a prison term of two years, to be followed by three years of postrelease supervision.
The Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that assigned defendant a total of 75 points, including 20 points for risk factor 4 (duration of offense conduct with victim), presumptively classifying him as a risk level two sex offender. The People prepared their own risk assessment instrument assessing defendant an additional 10 points under risk factor 12 (acceptance of responsibility) and 10 points under risk factor 15 (living/employment situation), resulting in a total assessment of 95 points, which also presumptively classified defendant as a risk level two sex offender.
At the initial hearing, defendant challenged the assessment of points under risk factors 4, 5, 12 and 15 and also requested a downward departure. Following a subsequent hearing where additional information was provided, County Court determined that the points assessed under risk factors 5, 12 and 15 were properly assessed but those under risk factor 4 were not, resulting in a total assignment of 75 points, and classified defendant as a risk level two sex offender. The court further determined that a downward departure was not warranted. Defendant appeals.
As defendant contends — and the People correctly concede — County Court erred in assessing points under risk factors 12 and 15. The court rejected the People's basis for assessing 10 points under risk factor 12 for defendant's failure to accept responsibility, which was premised on defendant's refusal to discuss the underlying nature of the offense during the presentence interview. Nevertheless, the court found it significant that defendant did not participate in a sex offender counseling and treatment program during his approximately 22 months of incarceration while the appeal of his 2020 conviction was pending. The court also found it troubling that after defendant was released on postrelease supervision and upon completing a sex offender treatment evaluation, no sex offender treatment was recommended at that time. Although the court noted that defendant's guilty plea was some indication of his acceptance of responsibility[*2], it found that the lack of engagement in sex offender treatment provided clear and convincing evidence that defendant did not accept responsibility for the offense and, as such, it assessed 10 points under risk factor 12.
Contrary to County Court's determination, defendant cannot be faulted for not participating in sex offender treatment while incarcerated absent evidence that he was eligible for participation in such program during that time, or following an evaluation for sex offender treatment once he was released on postrelease supervision, as no such treatment was recommended (see generally People v Ford, 25 NY3d 939, 941 [2015]). This is not tantamount to refusing to participate or being expelled from sex offender treatment (cf. People v Rivera, 228 AD3d 1327, 1328-1329 [4th Dept 2024], lv denied 42 NY3d 907 [2024]; People v Uhle, 221 AD3d 1199, 1200 [3d Dept 2023]; People v Bautista, 210 AD3d 1020, 1021 [2d Dept 2022], lv denied 39 NY3d 914 [2023]; People v Washburn, 206 AD3d 1313, 1315 [3d Dept 2022], lv denied 39 NY3d 903 [2022]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Under these circumstances, it cannot be inferred that defendant's nonparticipation in a sex offender treatment program evinces a failure by defendant to accept responsibility (see e.g. People v Ford, 25 NY3d at 941; People v Anderson, 151 AD3d 767, 768-769 [2d Dept 2017], lv denied 30 NY3d 901 [2017]). As such, we find that the court erred in assessing 10 points under risk factor 12.
County Court also erred in assessing 10 points under risk factor 15 based upon its finding that defendant's living situation was inappropriate. The People's request was premised upon the belief that defendant, once released on postrelease supervision, would be residing with his wife and minor children. Defendant, however, presented information that he was living with his father and that his parole officer, who permitted defendant to have supervised visitation with his minor children, denied defendant's request to live with them at that time, but noted that such request could, at some point, be revisited. County Court, "uncomfortable with the possibility" that defendant's request to live with his minor children could be approved despite his not participating in sex offender treatment, found defendant's living situation inappropriate. The uncertainty of whether defendant's future request to live with his children will be approved is insufficient to establish that his current living situation, i.e., living with his father, is inappropriate and does not establish the clear and convincing evidence necessary to warrant the assessment of points under risk factor 15 (see People v Vandermallie, 221 AD3d 1500, 1500 [4th Dept 2023]; People v McLean, 55 AD3d 973, 974 [3d Dept 2008]).
Subtracting the erroneously assessed 10 points for risk factor 12 and the 10 points assessed under risk factor 15 results in a total assessment of 55 points, placing [*3]defendant at a presumptive risk level one sex offender classification. Because defendant's presumptive risk level classification is affected by the erroneously assessed points, we remit this matter to permit the People an opportunity to seek an upward departure (see generally People v Weber, 40 NY3d 206, 211-216 [2023]).
Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.