People v Powell (2025 NY Slip Op 05899)

People v Powell

2025 NY Slip Op 05899

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

 SMZ No. 74647/22|Appeal No. 5022|Case No. 2023-06489|

[*1]The People of the State of New York, Respondent,
v
Kori Powell, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 2, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
In November 2007, defendant pleaded guilty in Georgia to, among other things, child molestation and statutory rape for raping a 13-year-old girl in his hotel room. Following his guilty plea, defendant was sentenced to four concurrent prison terms of 10 years and was required to register as a sex offender upon his release. Subsequent to defendant's release, he moved to New York necessitating a SORA hearing.
The SORA court properly assessed 10 points under risk factor 1 for forcible compulsion where defendant, who was nearly twice the victim's age and weighed 240 pounds, held the victim's hands down while subjecting her to oral sex and, thereafter, engaged in vaginal intercourse, causing the victim to bleed, despite the victim's pleas to stop (see People v Webster, 205 AD2d 312, 312 [1st Dept 1994], lv denied 84 NY2d 834 [1994]; People v Yeaden, 156 AD2d 208, 208 [1st Dept 1989], lv denied 75 NY2d 872 [1990]). The SORA court also correctly assessed 15 points under risk factor 14 because defendant was required to serve a period of incarceration in connection with the underlying Georgia sex offense and he was released at the maximum expiration of that sentence without supervision (see People v Reid, 141 AD3d 156, 157 [1st Dept 2016], lv denied 28 NY2d 901 [2016]).
Further, the SORA court properly assessed 15 points under risk factor 12. According to the SORA Guidelines, an offender who fails to accept responsibility for his conduct or minimizes what happened is a poor prospect for rehabilitation (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006] [citation omitted]). In fact, "[s]uch acknowledgment is critical, since an offender's ability to identify and modify the thoughts and behaviors that are proximal to his sexual misconduct is often a prerequisite to stopping that misconduct" (id.). Moreover, under risk factor 12, when calculating an offender's risk level for post-offense behavior, 15 points are added if the "offender has refused or been expelled from treatment since such conduct is powerful evidence of the offender's continued denial and his unwillingness to alter his behavior" (id. at 16-17; see also People v Ford, 25 NY3d 939, 941 [2015]).
Here, the relevant records from defendant's incarceration in Georgia indicated that defendant was identified for, or referred to, a sex offender treatment program twice during his incarceration. For both entries, the "end reason" was denoted as "refused to participate."
Defendant asserts that the 15 points under factor 12 were erroneously added because the Georgia Department of Corrections (GDP) facility utilized the phrase "refused to participate" for both refusals and poor participation and therefore, there was not sufficient information demonstrating an "express" refusal.[FN1] We reject this contention. First, defendant does not assert that his sex offender treatment program removals were based on an inability to attend the programs (see Ford, 25 NY3d at 941). Second, the fact that defendant's expulsion date from the first program was the same as the date that the program commenced strongly suggests outright refusal. Third, even assuming that defendant's expulsion from the second program was due to poor participation rather than refusal — which the record does not indicate — such intentional failure to attend the treatment program is a type of refusal (cf. People v Bayron, 193 AD3d 483, 484 [1st Dept 2021], lv denied 37 NY3d 909 [2021] [finding 15 points under factor 12 were improperly assessed where defendant was removed from sex offender treatment for "poor progress and participation" but other evidence showed that "defendant admitted his guilt of the underlying offense and accepted responsibility"]; People v Hart, 171 AD3d 497, 497 [1st Dept 2019], lv denied 33 NY3d 912 [2019] [same]). Indeed, both an outright refusal and an intentional failure to participate equate to "powerful evidence of the offender's continued denial and his unwillingness to alter his behavior" (see e.g. People v Austin, 237 AD3d 572, 573 n [1st Dept 2025] [finding three removals for poor progress and participation in treatment "indicative of a refusal to accept responsibility"). Accordingly, under the circumstances in this case, the motion court properly assessed 15 points under that risk factor. We perceive no basis to substitute our discretion and grant a downward departure to a level one offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigation evidence cited by defendant was adequately taken into account by the risk assessment instrument or was outweighed by aggravating factors such that a downward departure is not warranted (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025

Footnotes

Footnote 1: Notably, defendant's argument relies solely on hearsay, specifically an affidavit by Anna Kalm, a Client Advocate at the Center for Appellate Litigation, which stated that Kalm spoke to unnamed representatives from the GDC. As per the affidavit, the GDC representatives "informed [her] that, generally, a 'refused to participate' notation" means that "an incarcerated person was enrolled in a program but removed due to poor attendance or participation" (emphasis added). There is nothing in the record from the GDC itself to support defendant's argument.